C16-4106-LRR

## IN THE IOWA DISTRICT COURT FOR WOODBURY COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SIOUX CITY TRUCK<br>and TRAILER, INC.,<br>    Plaintiff, | *<br>*<br>*<br>* | LACV _____ |
| | * | **PETITION AND JURY DEMAND** |
| vs. | *<br>* | |
| ZIEGLER, INC. d/b/a ZIEGLER CAT<br>    Defendant. | *<br>* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMES NOW the Plaintiff, Sioux City Truck and Trailer, Inc., and, for its cause of action against the Defendant above-named, states and alleges as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff Sioux City Truck & Trailer, Inc. ("Plaintiff" or "SCTT") is a corporation organized and existing within the State of South Dakota, authorized to do business in the State of Iowa, with its principal place of business located at 4535 Harbor Drive, Sioux City, Iowa 51111. SCTT is a wholly-owned subsidiary of North American Truck & Trailer, Inc. ("NATT"), a South Dakota corporation  headquartered in Sioux Falls, South Dakota.

2.      To the best of Plaintiff's knowledge and belief, at all times relevant to this proceeding, the Defendant Ziegler, Inc. ("Ziegler"), is and has been a Minnesota corporation with its principal place of business located at 901 West 94th Street, Minneapolis, Minnesota 55420-4236. Ziegler is registered as a foreign corporation authorized to do business in Iowa and does business as Ziegler CAT.

### SUBSTANTIVE ALLEGATIONS

3.      On or about March 31, 2014, Ziegler and SCTT entered into that certain Engine Parts and Service Agreement - Full Service Dealer which granted SCTT certain franchisee, sales, distribution, service and dealer rights with regard to the sale of Ziegler's Caterpillar Parts and/or

the provision of Warranty Service and other services for particular models of Caterpillar Products (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.

4.      The Agreement was the most recent agreement providing SCTT dealer rights with regard to CAT products and services.  SCTT has been an authorized CAT dealer in Sioux City since the 1980's under various agreements.

5.      The Agreement provided SCTT with an "Authorized Location" at 4535 Harbor Drive in Sioux City, Woodbury County, Iowa, at which to provide "Full Service" on identified Caterpillar Products and associated Parts sales.  See Appendix A to Exhibit A.

6.      On February 16, 2016, Ziegler e-mailed SCTT with a request to sign a new and more restrictive agreement, which reduced SCTT's status to only a parts dealer instead of full service.

7.      Ziegler's e-mail also stated that if SCTT would not agree to sign the parts only agreement, then SCTT would be terminated altogether.

8.      On March 8, 2016, SCTT's counsel wrote Ziegler and offered that SCTT would immediately cure any alleged performance deficiencies, if any were alleged by Ziegler.

9.      Ziegler failed to respond to SCTT's March 8, 2016 letter.

10.     On May 6, 2016, Ziegler sent SCTT a letter unilaterally terminating the Agreement thirty (30) days following the date of the letter.  A true and correct copy of the letter is attached hereto as Exhibit B and incorporated herein by this reference.

11.     SCTT did not agree or consent to the termination in any way, and, in fact, had offered to cure any performance deficiencies, if any were alleged by Ziegler.

12.     Ziegler failed to provide SCTT with any notice of good cause for termination and had no good cause for termination.

13.     Ziegler's actions were taken in an effort to unfairly favor competing dealers in the Sioux City area to the detriment of SCTT.

14.     Upon information and belief, the competing dealers in the Sioux City area have not had their rights reduced or terminated by Ziegler, and they will be permitted to continue to provide full service under their respective agreements with Ziegler, with all of the attendant competitive advantages thereunder, and to the detriment of SCTT's business.

## FIRST CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)

15.     SCTT realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

16.     The Agreement included an implied covenant and/or statutory duty of good faith and fair dealing.

17.     Ziegler breached its duty of good faith and fair dealing by its actions.

18.     Plaintiff is entitled to an injunction, actual damages sustained in an amount to be proven at trial, and its costs and reasonable attorney's and expert's fees. SCTT's actual damages include, without limitation, loss of business profits, loss of goodwill and reputation in the community, and loss of investments in training, education, equipment, and employing personnel to sell, promote and service Ziegler's Caterpillar products.

## SECOND CAUSE OF ACTION
### (Violation of Robinson-Patman Act)

19.     SCTT realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

20.     Ziegler offered to replace the Agreement with a more limited "Authorized Parts Dealer" agreement, which only provided authorization for SCTT to be a retail seller of CAT parts instead of full service ("Parts Dealer Agreement").

21.     The cost of parts purchases under the Parts Dealer Agreement is higher than the cost of parts purchases under the terminated Agreement.

22.     The purchase price differences have established a business model favoring certain dealers over others, without regard to volume, performance, or history of doing business.

23.     As a result, SCTT has suffered or will suffer secondary-line price discrimination caused by Ziegler, in violation of the Robinson-Patman Act, 15 U.S.C. §13 *et seq*.

24.     Plaintiff is entitled to all damages recoverable under the Act, including but not limited to treble damages.

THIRD CAUSE OF ACTION
(Violation of Iowa Code Ch. §537A)

25.     SCTT realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

26.     In the alternative, the Agreement is governed by Iowa Code Ch. §537A.10 due to the following pertinent part of the definition in subsection §537A.10 (1)(c)(1) therein:

"…'*Franchise*' means….the following: (a) An oral or written agreement, either express or implied, which provides all of the following:

(i)     Grants the right to distribute goods or provide services under a marketing plan prescribed or suggested in substantial part by the franchisor.

(ii)     Requires payment of a franchise fee to a franchisor or its affiliate.

(iii)     Allows the franchise business to be substantially associated with a trademark, service mark, trade name, logotype, advertisement, or other commercial symbol of or designating the franchisor or its affiliate."

27.     The relationship established in the Agreement meets the definition of Franchise set out in Iowa Code §537A.10(1)(c)(1).

28.     Ziegler's action of terminating the Agreement as of June 6, 2016, without good cause or a reasonable period of time to cure any alleged default, was a violation of Iowa Code §537A.10(7).

29.     Ziegler also failed to provide SCTT with the 6 month notice of non-renewal required by Iowa Code §537A.10(8)(a)(1), and failed to provide notice of which circumstances, if any, set out in §537A.10(a)(2) existed to justify nonrenewal.

30.     Ziegler's actions are a violation of their duty in Iowa Code §537A.10(11)(a) to act in good faith in its performance and enforcement of the Agreement.

31.     Pursuant to Iowa Code §537A.10(13), Plaintiff is entitled to an injunction, actual damages sustained in an amount to be proven at trial, and its costs and reasonable attorney's and expert's fees. SCTT's actual damages include, without limitation, loss of business profits, loss of goodwill and reputation in the community, and loss of investments in training, education, equipment, and employing personnel to sell, promote and service Ziegler's Caterpillar products.

## INJUNCTION

32.     The foregoing Petition, supported by the Affidavit of Kevin Christensen filed contemporaneously herewith, shows the Plaintiff is entitled to relief pursuant to I.R.C.P. 1.1502 which includes restraining the termination and/or non-renewal of the Agreement which would greatly, immediately, and irreparably injure the Plaintiff.

33.     A judgment for monetary damages alone will be ineffectual in addressing the irreparable injury to Plaintiff from termination and/or non-renewal of the Agreement, or any lapse of time between termination and future reinstatement as a full service dealer.

34.     Iowa Code §537A.10(13) expressly authorizes injunctive relief in these termination and/or non-renewal circumstances.

35.     Alternatively, if the Agreement is not subject to the foregoing statute, SCTT is entitled to injunctive relief under the Iowa statutory authority and/or common law.

36.     No Petition for the same relief, or part thereof, has been previously presented to and refused by any court or justice.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     For Plaintiff's actual, compensatory, consequential, and general damages caused by Defendant in such amounts to be proven at trial;

B.     For costs, and reasonable attorney's fees and expert's fees as allowed by law, including without limitation Iowa Code §537A.10(13);

C.     For all damages available under the Robinson-Patman Act, including treble damages; and

D.     For a temporary and permanent injunction prohibiting Defendant from unilaterally terminating the Agreement, and

E.     For any other and further relief which the Court determines is just and proper.

> MAYNE, ARNESON, HINDMAN, HISEY & DAANE
>
> By:     *James N. Daane*       AT0001802
>         701 Pierce Street, Suite 300
>         P.O. Box 1678
>         Sioux City, IA 51102-1678
>         Telephone: (712) 252-2424
>         Facsimile: (712) 255-8049
>         E-mail: jdaane@maynelaw.com
>         ATTORNEYS FOR PLAINTIFF

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

> MAYNE, ARNESON, HINDMAN, HISEY & DAANE
>
> By:     *James N. Daane*       AT0001802
>         701 Pierce Street, Suite 300
>         P.O. Box 1678
>         Sioux City, IA 51102-1678
>         Telephone: (712) 252-2424
>         Facsimile: (712) 255-8049
>         E-mail: jdaane@maynelaw.com
>         ATTORNEYS FOR PLAINTIFF